**UNITED STATES of America, Appellee,**

v.

**Jason D. HIGGS, Appellant.**

**No. 95–1928.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 6, 1995.

Decided Nov. 9, 1995.

William L. Meiners, U.S. Attorney's Office, Kansas City, MO, for United States.

Albert A. Riederer, Wyrsch & Atwell, Kansas City, MO, Jason D. Higgs, El Reno, OK, Kathleen Kopach Woods, Kansas City, MO, for Jason D. Higgs.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Jason D. Higgs appeals the 228–month sentence imposed by the district court [1] after

---

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

**70**

he pleaded guilty to distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and use of a firearm in relation to the distribution of crack, in violation of 18 U.S.C. § 924(c). We affirm.

On appeal, Higgs contends the district court erred in not granting him a downward departure under ·U.S.S.G. § 5K2.0. He points to the United States Sentencing Commission's February 1995 conclusion that the 100–to–1 ratio between penalties for crack and powder cocaine was not justified, arguing that the Commission's conclusion constitutes a mitigating factor that the Commission did not take into consideration when it formulated the existing Sentencing Guidelines. Higgs suggests that a proposed amendment to the Guidelines—eradicating the 100–to–1 ratio—which the Commission forwarded to Congress subsequent to his sentencing, also justifies a downward departure.

We may not review Higgs' claim that the district court erred in failing to depart downward. *See United States v. McMurray*, 34 F.3d 1405, 1414 (8th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1164, 130 L.Ed.2d 1119 (1995); *United States v. Johnson*, 28 F.3d 1487, 1500 (8th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 768, 130 L.Ed.2d 664 (1995). Notwithstanding that a "racially disparate impact [of the current sentencing scheme] may be a serious matter," only Congress or the Sentencing Commission, and not the courts, can effect a change in the Guidelines, and thus this is "not a basis upon which a court may rely to impose a sentence outside of the applicable Guidelines range." *United States v. Maxwell*, 25 F.3d 1389, 1401 (8th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 610, 130 L.Ed.2d 519 (1994). We note that Congress recently rejected the Commission's proposed amendment.

Accordingly, the judgment of the district court is affirmed.