_____

No. 95-2755
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Jim R. Johnson,                    *          [UNPUBLISHED]
                                   *
          Appellant.               *


_____

          Submitted:  December 29, 1995

              Filed:  January 19, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     Jim R. Johnson, an African-American, appeals the 65-month
sentence imposed by the district court[1] after he pleaded guilty to
possessing cocaine base (crack) with intent to distribute, in
violation of 21 U.S.C. § 841(a)(1).  We affirm.

     Following the preparation of his presentence report, Johnson
objected to his offense-level calculation.  Johnson contended that
no scientific difference existed between crack cocaine and powder
cocaine, and that the penalty provisions set forth in 21 U.S.C.
§ 841(b) were thus void for vagueness or rendered inapplicable by
operation of the rule of lenity.  He also argued that Congress
enacted section 841(b) in an arbitrary and irrational manner,

_____

[1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

resulting in a disparate impact upon African-Americans in violation of his due process and equal protection rights.

Johnson relied on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), appeal pending (No. 95-8057 11th Cir.), in which the district court, after an evidentiary hearing, held that the terms "cocaine" and "cocaine base" were synonymous; that the penalty provisions of section 841(b) set forth a scientifically meaningless distinction between cocaine and cocaine base; and that the heightened penalties for cocaine base must be ignored by operation of the rule of lenity. 864 F. Supp. at 1309. In support, Johnson submitted copies of the Davis court records-- including Davis's memorandum of law, the hearing transcript, and the district court's decision.

In addition, Johnson sought a downward departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, based on the United States Sentencing Commission's February 1995 report concluding that the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine was not justified, and a proposed Guidelines amendment-- which would have eliminated the 100-to-1 ratio--forwarded by the Commission to Congress for its consideration. Johnson renews his claims on appeal.

We conclude Johnson's void-for-vagueness and rule-of-lenity arguments are foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995); his due process and equal protection arguments are foreclosed by our decision in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995); and his downward-departure argument is foreclosed by our decision in United States v. Higgs, No. 95-1928, slip op. at 2, 1995 WL 716193 (8th Cir. Nov. 9, 1995) (per curiam).

Accordingly, the judgment of the district court is affirmed.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.