74 F.3d 1244
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jim R. JOHNSON, Appellant.
 No. 95-2755.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 29, 1995.
Decided Jan. 19, 1996.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jim R. Johnson, an African-American, appeals the 65-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 Following the preparation of his presentence report, Johnson objected to his offense-level calculation. Johnson contended that no scientific difference existed between crack cocaine and powder cocaine, and that the penalty provisions set forth in 21 U.S.C. Sec. 841(b) were thus void for vagueness or rendered inapplicable by operation of the rule of lenity. He also argued that Congress enacted section 841(b) in an arbitrary and irrational manner, resulting in a disparate impact upon African-Americans in violation of his due process and equal protection rights.
 
 
 3
 Johnson relied on United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994), appeal pending (No. 95-8057 11th Cir.), in which the district court, after an evidentiary hearing, held that the terms "cocaine" and "cocaine base" were synonymous; that the penalty provisions of section 841(b) set forth a scientifically meaningless distinction between cocaine and cocaine base; and that the heightened penalties for cocaine base must be ignored by operation of the rule of lenity. 864 F.Supp. at 1309. In support, Johnson submitted copies of the Davis court records--including Davis's memorandum of law, the hearing transcript, and the district court's decision.
 
 
 4
 In addition, Johnson sought a downward departure under 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0, based on the United States Sentencing Commission's February 1995 report concluding that the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine was not justified, and a proposed Guidelines amendment--which would have eliminated the 100-to-1 ratio--forwarded by the Commission to Congress for its consideration. Johnson renews his claims on appeal.
 
 
 5
 We conclude Johnson's void-for-vagueness and rule-of-lenity arguments are foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995); his due process and equal protection arguments are foreclosed by our decision in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir.1995); and his downward-departure argument is foreclosed by our decision in United States v. Higgs, No. 95-1928, slip op. at 2, 1995 WL 716193 (8th Cir. Nov. 9, 1995) (per curiam).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri