82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale HINES, Defendant-Appellant.
 No. 95-5797.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 Before: KENNEDY, WELLFORD and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Dale Hines appeals a district court judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously concludes that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hines pleaded guilty to two counts of aiding and abetting the possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Hines to 100 months of imprisonment, four years of supervised release, and imposed a $100 special assessment. On appeal, Hines argues that the district court should have departed downward from his sentencing guideline range because of the sentencing disparity between cocaine and cocaine base.
 
 
 3
 Initially, we note that Hines raises a non-appealable challenge to the district court's sentence. Under 18 U.S.C. § 3742(a), a defendant may only appeal his sentence on the grounds that the sentence: 1) was imposed in violation of the law, 2) was imposed as a result of an incorrect application of the Sentencing Guidelines, 3) was an upward departure from the applicable guideline range, or 4) was a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. See United States v. Lively, 20 F.3d 193, 196 (6th Cir.1994). Hines does not challenge his sentence on any of these grounds; rather, he argues that the district court should have departed downward from a properly calculated guideline range. Consequently, Hines's challenge is not appealable. See United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir.1994). Further, a district court's refusal to depart downward is not appealable. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993).
 
 
 4
 Nonetheless, the district court properly denied Hines's request to depart downward. Hines relies on a United States Sentencing Commission report, which concluded that the sentencing disparity between cocaine and cocaine base was not warranted. See United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (February 1995). However, this report does not provide a sufficient basis to support a downward departure from the guideline range. United States v. Higgs, 72 F.3d 69, 70 (8th Cir.1995) (per curiam); United States v. Camilo, 71 F.3d 984, 989-90 (1st Cir.1995). This court has repeatedly held that the sentencing disparity between cocaine and cocaine base is constitutional. See United States v. Smith, No. 94-4031, 1996 WL 26580, at * 2-4 (6th Cir. Jan. 25, 1996).
 
 
 5
 Accordingly, we affirm the district court's judgment.