85 F.3d 633
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Thomas COTTON, Appellant.
 No. 95-4030.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 2, 1996.
Filed: May 13, 1996.
 
 Before BEAM, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Cotton challenges the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.
 
 
 2
 At sentencing, Cotton argued that no chemical difference existed between cocaine powder and cocaine base, and urged the district court--in accordance with the rule of lenity--to ignore the heightened penalty provisions of section 841 and sentence him under the provisions applicable to cocaine powder. Cotton also moved for a downward departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, asserting that he would benefit from the structure of a "shock incarceration" program and seeking a departure which would permit such a placement.
 
 
 3
 The district court overruled Cotton's objection regarding the alleged distinction between cocaine base and cocaine powder; denied Cotton's downward-departure motion; granted the government's motion for a substantial-assistance downward departure; and sentenced Cotton to 120 months imprisonment.
 
 
 4
 To the extent the issue is presented on appeal, Cotton's rule-of-lenity argument is foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995), cert. denied, 116 S.Ct. 966 (1996). Having carefully reviewed the sentencing transcript, we conclude the district court was aware of its authority to depart downward under section 3553(b) and section 5K2.0, and exercised its discretion not to do so. We cannot review this discretionary refusal to depart. See United States v. Stavig, No. 95-2793, 1996 WL 164970, at * 3 (8th Cir. Apr. 10, 1996). Finally, the 100-to-1 ratio between the penalties for cocaine base and cocaine powder, and any attendant disparate impact, do not provide a basis for the district court to depart downward. United States v. Early, 77 F.3d 242, 244 (8th Cir.1996) (per curiam); United States v. Higgs, 72 F.3d 69, 70 (8th Cir.1995) (per curiam).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska