_____

Nos. 94-1449 and 94-1650
_____

United States of America,          *
                                   *
     Appellee/Cross-Appellant,     *     Appeal from the United States
                                   *     District Court for the
     v.                            *     Northern District of Iowa.
                                   *
Larry J. McNeil, also known        *
as Larry J. McNeill,               *
                                   *
     Appellant/Cross-Appellee.     *


_____

Submitted:  January 8, 1996

Filed:      July 22, 1996
_____

Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.
_____


HANSEN, Circuit Judge.


     Larry J. McNeil appeals from the 121-month sentence imposed upon him by the district court following McNeil's pleas of guilty to one count of conspiracy with intent to distribute cocaine base and one count of unlawfully acquiring food stamps.  McNeil contends (1) that the district court erred in its determination that he was a career offender, (2) that he was entitled to a downward adjustment for his role in the offense, (3) that the district court's drug quantity determinations were erroneous, and (4) that the district court should have departed further downward because of the disparate treatment black defendants allegedly receive under the enhanced statutory and guideline penalties imposed for cocaine base offenses.  The government cross appeals, arguing that a

downward departure was not justified. We affirm in part and reverse and remand in part.

## I.

At sentencing, the district court determined that McNeil was a career offender based on his two prior state court convictions in North Carolina for breaking and entering dwellings. Applying USSG § 4B1.1, the district court determined a base offense level of 32 for McNeil. The court awarded him a three-level reduction in his base offense level for acceptance of responsibility, see USSG § 3E1.1(b), and initially assigned him a criminal history category of VI, which resulted in a presumptively correct guidelines sentencing range of 151 to 188 months. Relying on United States v. Smith, 909 F.2d 1164, 1169-70 (8th Cir. 1990), cert. denied, 498 U.S. 1032 (1991), and United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991), the district court, over the government's objection, granted McNeil's motion for a downward departure pursuant to USSG § 4A1.3, finding that a criminal history category of VI overstated the seriousness of McNeil's past criminal conduct. The court departed downward to criminal history category IV with a resultant sentencing range of 121 to 151 months. The district court then sentenced McNeil to a 121-month term to be served concurrently with both a 10-year Iowa state sentence McNeil was then serving for sexual abuse in the third degree and a concurrent 5-year sentence he also received in state court for assault with intent to commit sexual abuse.

The role of the reviewing court on appeal from a sentencing determination is to "determine whether the sentence -- (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside of the applicable guideline range, and is unreasonable . . . ; or (4) was imposed for an offense for which there is no applicable

-2-

sentencing guideline and is plainly unreasonable."  18 U.S.C. § 3742(e) (1988).  We "give due deference to the district court's application of the guidelines to the facts."  18 U.S.C. § 3742(e)(4).

Given the facts of this case, we determine that the district court was correct in concluding that McNeil is a career offender under the Sentencing Guidelines.  Each of McNeil's prior North Carolina state court felony convictions for breaking and entering dwellings qualifies as a predicate "crime of violence" for the purposes of the career offender guideline.  USSG § 4B1.1.  <u>See</u> USSG § 4B1.2(1)(ii) (defining the term "crime of violence" as including burglary of a dwelling).  <u>See</u> <u>also</u> <u>United States v. Fonville</u>, 5 F.3d 781, 784 & n.8 (4th Cir. 1993) (finding a North Carolina conviction for breaking and entering a dwelling to be a crime of violence within the meaning of USSG § 4B1.2(1)(i) (ii) and § 4B1.1), <u>cert. denied</u>, 114 S. Ct. 1839 (1994); <u>United States v. Raynor</u>, 939 F.2d 191, 196-97 (4th Cir. 1991) (same).  We reject McNeil's argument that his 1982 conviction should not be used as a predicate offense for the career offender guideline because he was committed as a "youthful offender."  An offense committed prior to age 18 counts for criminal history purposes as long as the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month.  USSG § 4A1.2(d)(1), comment. (n.7).  While McNeil was only 17 years old at the time of the 1982 conviction, he was charged as an adult, convicted as an adult, and sentenced to a three-year term of imprisonment.  (Sent. Tr. at 78-84.) Hence, the district court correctly counted the 1982 conviction as a predicate offense for determining career offender status.  <u>See</u> <u>United States v. Hazelett</u>, 32 F.3d 1313, 1320 (8th Cir. 1994) (holding that a conviction at age 17 qualified as a predicate offense for the career offender guideline where the defendant had been tried and convicted as an adult).  Furthermore, McNeil's argument that a conviction for conspiracy to distribute

cocaine base does not qualify him for sentencing as a career offender pursuant to USSG § 4B1.1, made for the first time on appeal, is foreclosed by our en banc decision in <u>United States v. Mendoza-Figueroa</u>, 65 F.3d 691 (8th Cir. 1995) (en banc), <u>cert.</u> <u>denied</u>, 116 S. Ct. 939 (1996).

Because the district court correctly determined McNeil to be a career offender, McNeil's objections to the district court's other determinations concerning his role in the offense and the quantity of drugs involved in the conspiracy are moot.  Also, his motion for a downward departure based on the alleged discriminatory impact of the enhanced crack cocaine penalties was correctly denied.  <u>See, e.g.</u>, <u>United States v. Higgs</u>, 72 F.3d 69, 70 (8th Cir. 1995); <u>United States v. Maxwell</u>, 25 F.3d 1389, 1396-97 (8th Cir.), <u>cert.</u> <u>denied</u>, 115 S. Ct. 610 (1994).  Accordingly, we affirm the district court's judgment on McNeil's appeal.

**II.**

We next turn to the government's cross-appeal, which asserts that a downward departure was not warranted in this case.  We review a district

court's decision to depart from the Guidelines for an abuse of discretion.[1] <u>Koon v. United States</u>, Nos. 94-1664

---

[1]Our cases articulate the following three-part test for reviewing a district court's decision to depart from the Guidelines:

> First, as a question of law, we determine "whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure." . . . Second, as a question of fact, we determine "whether the circumstances justifying departure actually exist." . . . Finally, with deference to the district court, we review the reasonableness of the degree of departure under an abuse of discretion standard.

<u>United States v. Sweet</u>, 985 F.2d 443, 445 (8th Cir. 1993) (quoting <u>United States v. Lara-Banda</u>, 972 F.2d 958, 960 (8th Cir. 1992)).  Recently, however, the Supreme Court clarified that a unitary abuse of discretion standard should guide our review of sentencing departures.  <u>Koon</u>, at *13.  While we believe that our three-part test is not necessarily inconsistent with the abuse of discretion standard articulated by the Court in <u>Koon</u>, we nevertheless endeavor to follow the unitary standard set forth in <u>Koon</u>.

& 94-8842, 1996 WL 315800, at *11-13 (U.S., June 13, 1996).  The district court's decision to depart will be "determined in large part by comparison with the facts of other Guidelines cases," an assessment for which the district courts have an "institutional advantage."  Id. at *12.  The deference owing to a district court's sentencing decision, however, does not render appellate review "an empty exercise," because the amount of "deference that is due depends on the nature of the question presented."  Id.  Additionally, it is clear that "[a] district court by definition abuses its discretion when it makes an error of law."  Id. at *13.

The abuse of discretion standard articulated in Koon is not inconsistent with our statements on abuse of discretion.  We have held that "[a]n abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment."  United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987) (citing Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984)).  We have also said that under an abuse of discretion standard, the district court's decision will not be disturbed as long as it is within the range of discretion afforded to a given determination and is not influenced by a mistake of law.  Kern, 738 F.2d at 970.

In this case, the district court briefly discussed several factors it believed supported a downward departure for an overstated criminal history. In particular, the court looked at McNeil's age at the time he committed the prior predicate felonies, some of the circumstances of their occurrence, and how the state courts had handled the cases. While these are proper factors to consider, after carefully reviewing the record in this case, we are convinced that the district court committed a clear error of judgment in its assessment of many significant aspects of McNeil's criminal history. To be accorded deference in a determination that the Guidelines calculation overstates a defendant's criminal history, the district court's decision must accurately reflect the entire record of the defendant's criminal history. Because nothing about McNeil's long and continuing criminal career was overstated by the application of the career offender guideline to him, we conclude that the district court abused its discretion in departing on this basis.

The presentence investigation report (PSIR) revealed that the defendant had four serious encounters with juvenile authorities, beginning at age 8 when he broke into a laundromat. At age 14, he was placed on probation for breaking into a coin machine; at age 15 he was in detention for seven days for breaking into a school; and in 1979 or 1980 he was again placed on probation for breaking and entering.

McNeil's adult record of criminal convictions begins at age 16 when he was found guilty of one count of breaking and entering and four misdemeanor counts of larceny. He received a one-year suspended sentence and was placed on probation which was revoked a year later. At age 17, he was convicted of another five counts of breaking and entering and larceny. He received a three-year prison sentence. At age 18, and while in prison, he pleaded guilty to assault inflicting serious injury, an aggravated misdemeanor, and

received a one-year sentence to be served consecutively to the prior three-year sentence. At age 19, he pleaded guilty to assault with a deadly weapon, an aggravated misdemeanor, and received a suspended one-year sentence. He was placed on probation for one year which he successfully completed. At age 20, he was charged with a felony of taking indecent liberties with children. He was found guilty of assault on a minor, a misdemeanor, and received a suspended one-year sentence. While still age 20, he pleaded guilty to breaking and entering an automobile, a felony, pursuant to a plea bargain that called for the dismissal of eight other cases against him (including two counts of breaking and entering an automobile, auto larceny, and second degree burglary). He received another three-year prison sentence and served 14 or more months before being paroled. In 1988, at age 23, he pleaded guilty to a reduced charge of felony breaking and entering and to felony failure to appear. He received a ten-year prison sentence. He was paroled from prison in December of 1990 and violated his parole terms by moving to Iowa without prior approval. He was arrested on a parole violation warrant and held for 28 days before the parole commission discharged the warrant. In 1991, at age 27, he pleaded guilty to making a false report to a law officer and to failure to pay a fine (both misdemeanors). He became involved in the instant drug conspiracy commencing in October 1991. In January 1992, he was charged with four counts of sexual abuse, and pursuant to a plea agreement, he pleaded guilty to one count of sexual abuse in the third degree, a ten-year Class C forcible felony under Iowa law, and to one count of assault with intent to commit sexual abuse, also a forcible felony under Iowa law. The offense reports for the sexual abuse alleged that the defendant forced a woman to have sexual intercourse with him at knife point. He received concurrent ten-year and five-year sentences respectively, and he was in an Iowa prison serving those sentences when indicted on the instant federal offenses.

Unlike the defendant in <u>Smith</u>, 909 F.2d at 1169-70, a case relied on by the district court for its departure decision, McNeil's criminal career has been neither brief nor minor in nature. The probation officer calculated the defendant's criminal history score at 18 criminal history points, 5 more than the 13 points it ordinarily takes to reach Criminal History Category VI (without resorting to the automatic Category VI classification imposed by the career offender guideline). It is abundantly clear from the defendant's extensive record that he is a recidivist of the first water. It is also clear that the seriousness of his criminal conduct escalated as he grew older. Probation has not deterred him from the commission of further crime; periods of incarceration have not deterred him; nor has the granting of parole kept him from resuming his life of crime when released from prison. His most recent Iowa state court convictions for sexual abuse and assault with intent to commit sexual abuse aptly demonstrate that the defendant is capable of violent crime and that his is precisely the kind of a criminal career that needs to be stopped short now by the unmitigated application of the career offender guideline.

The factual circumstances relied on by the district court for departure do not accurately reflect the record in this case, and the district court committed a clear error of judgment by departing on this basis. Accordingly, we vacate the defendant's sentence and remand the case for resentencing within the 151- to 188-month range established by the correct application of the career offender guideline to the defendant.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-