_____

No. 96-2644
_____

United States of America,           *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of North Dakota.
Lyman Redroad,                       *        [UNPUBLISHED]
                                     *
            Appellant.               *
_____

            Submitted:  October 3, 1996

               Filed:  October 9, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Lyman Redroad appeals the sentence the district court[1] imposed after
he pleaded guilty to assaulting, resisting, and impeding a federal officer
by means of a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and
(b).  We affirm.

     A Bureau of Indian Affairs (BIA) police officer arrested Redroad, who
was intoxicated, and placed him in a police car.  When the officer briefly
stepped away, Redroad drove off in the car.  Officers soon found the
abandoned car stuck in the snow; a loaded police shotgun was no longer in
the car.  The officers, including BIA Criminal Investigator Roy Trottier,
pursued Redroad into the nearby woods, but hesitated to close in on him
because he periodically fired the shotgun.  When Redroad eventually emerged
from the woods, pointing the barrel of the gun towards his head,

_____

     [1]The Honorable Rodney S. Webb, Chief Judge, United States
District Court for the District of North Dakota.

Trottier tried to distract Redroad. As Redroad momentarily looked away and attempted to move the pump shotgun's slide back into place, the officers rushed him. As Trottier ran towards Redroad with his gun drawn, Redroad pointed the shotgun barrel at Trottier's chest, with his finger on the trigger. Trottier tackled Redroad and was struck in the eye with the shotgun as the officers struggled to subdue Redroad.

At Redroad's sentencing, the district court calculated a Guidelines range of 0 to 6 months. Citing U.S.S.G. §§ 3A1.2(b), 5K2.3, and 5K2.6, the court departed upward to impose a 14-month sentence. Redroad does not take issue with the court's reliance on section 5K2.3. He first maintains that application of section 3A1.2(b), which provides for a three-level enhancement if the defendant assaulted "a law enforcement or corrections officer . . . in a manner creating a substantial risk of serious bodily injury," constituted impermissible double counting, as the Guideline used to calculate Redroad's base offense level, U.S.S.G. § 2A2.4(a), already took into account Trottier's official-victim status. We review such a challenge de novo. See United States v. Sloley, 19 F.3d 149, 154 (4th Cir.), cert. denied, 114 S. Ct. 2757 (1994).

While section 3A1.2(b) should not be applied "if the offense guideline specifically incorporates this factor," as is the case in section 2A2.4, see U.S.S.G. § 3A1.2, comment. (n.3), we disagree with Redroad's assumption that the district court applied section 3A1.2(b) here. Rather, our review of the sentencing transcript convinces us the court found that section's "creating a substantial risk of serious bodily injury" language aptly described Redroad's conduct, and so the court deemed it a circumstance warranting departure. See 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0, p.s. (court may depart if it finds aggravating circumstance of kind or to degree not adequately considered by Sentencing Commission in formulating Guidelines). Therefore, we must determine whether the district court abused its discretion in departing based on a factor

set forth in a Guidelines provision that the court was otherwise prohibited from applying in calculating Redroad's Guidelines range. See United States v. Poe, No. 96-1826, slip op. at 3 (8th Cir. Sept. 19, 1996) (standard of review; citing Koon v. United States, 116 S. Ct. 2035, 2047-48 (1996)). The court abuses its discretion if, inter alia, it considers and gives significant weight to an irrelevant or improper factor. United States v. McNeil, 90 F.3d 298, 300 (8th Cir. 1996).

"[W]hether a factor is a permissible basis for departure under any circumstances is a question of law," and the number of potential factors that may warrant departure is virtually unlimited. Koon, 116 S. Ct. at 2047, 2050. Unless the Commission has categorically proscribed consideration of a factor--which it has not done here--the sentencing court may depart if it determines that the factor, as occurring in the particular circumstances, removes the case from the "heartland" of the applicable Guideline, i.e., "a set of typical cases embodying the conduct that each guideline describes." See U.S.S.G. Ch.1, Pt.A, intro. comment. 4(b) (defining "heartland"); Koon, 116 S. Ct. at 2051.

The Guideline applicable to a violation of section 111 provides for a three-level increase if the defendant's "conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened." U.S.S.G. § 2A2.4(b)(1). Redroad did not challenge the district court's assessment of this increase, and he does not dispute that his conduct presented a substantial risk of serious bodily injury. We conclude that Redroad's actions exceeded simply possessing the shotgun and threatening its use, moving his case outside the heartland of cases contemplated in section 2A2.4. Thus, the court did not abuse its discretion in departing based on the factor described in section 3A1.2(b).

Redroad makes another "double counting" argument regarding the district court's reliance on section 5K2.6, which permits the court to depart if a weapon "was used or possessed in the commission of the offense." We reject this argument because the section 2A2.4(b)(1) increase punished Redroad's conduct in possessing the shotgun and threatening Trottier with it, while the section 5K2.6 departure punished Redroad's conduct in using the shotgun, i.e., in firing it. See U.S.S.G. § 5K2.6; cf. United States v. Reetz, 18 F.3d 595, 600 (8th Cir. 1994) (application of two sentencing enhancements which consider different aspects of defendant's conduct and represent different concerns does not amount to double counting). We further conclude that the court did not abuse its discretion in departing under section 5K2.6 based on Redroad's actual, as opposed to threatened, use of a firearm in the commission of the crime. See U.S.S.G. § 5K2.6 (explaining that discharge of firearm might warrant substantial sentence increase). Contrary to Redroad's argument, a weapon need not be "especially dangerous" to merit a departure; rather, the dangerousness of the weapon goes to the extent of the departure. See id.

Finally, we conclude that the sentence imposed by the district court was not unreasonable. See Williams v. United States, 503 U.S. 193, 202 (1992) (once reviewing court determines departure was not imposed in violation of law or as result of incorrect application of Guidelines, it must assess whether resulting sentence is unreasonably high or low departure from relevant Guidelines range). Redroad's Guidelines range was 0 to 6 months, based on a total offense level of 7. Given that the departure took into account factors described in three different Guidelines provisions, sections 3A1.2(b), 5K2.3, and 5K2.6, we do not believe that Redroad's 14-month sentence represents an unreasonably high departure.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.