**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4050
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| Terry Lynn White, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: May 5, 1997

Filed: June 4, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

After police discovered methamphetamine in a car Terry Lynn White was driving, the government charged him with possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). White entered a conditional guilty plea, and the district court[1] sentenced White under the Career Offender Guideline, U.S.

_____

[1]The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

Sentencing Guidelines Manual § 4B1.1 (1995), to 262 months imprisonment. White appeals, and we affirm.

White first challenges the court's failure to suppress evidence seized during the warrantless search of his car, asserting that probable cause was lacking and that his post-arrest statements were "fruit of the poisonous tree." As shown by testimony at the suppression hearing, police officer David Spain pulled White over because White's car did not have a rear license plate. During the traffic stop, Spain detected the scent of what he believed to be methamphetamine emanating from the open driver's side window; saw a butane torch inside of White's car--an item he knew from his training and experience was used to smoke methamphetamine; and noticed that White was extremely nervous. We agree with the district court that, based on these facts, Spain had probable cause to search the car for contraband. See Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996) (probable cause determination reviewed de novo, factual findings reviewed for clear error); United States v. Caves, 890 F.2d 87, 91 (8th Cir. 1989) (probable cause for warrantless search of car existed where officer detected burnt-marijuana odor emanating from driver, and reasonably concluded--based on lateness of hour and location of traffic stop--that marijuana had been smoked in car); United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989) (border patrol had probable cause for warrantless search after detecting burnt marijuana odor and apparent nervousness of driver).

Because the district court correctly determined White to be a career offender, White's objections to the district court's role-in-the-offense determination is moot. See United States v. McNeil, 90 F.3d 298, 300 (8th Cir), cert. denied, 117 S. Ct. 596 (1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.