# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-4339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Mario Alonso Aldaz-Loya, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 19, 2000
Filed: May 30, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

The United States appeals the twenty-four-month sentence imposed by the district court after Mario Alonso Aldaz-Loya pleaded guilty to illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(b)(2). The court departed sua sponte from the applicable Guidelines imprisonment range of forty-six to fifty-seven months, commenting that "the Guideline for this offense is too harsh" and that "the applicable Guidelines . . . overrepresent the seriousness of defendant's past criminal history."

We conclude that the district court's decision to depart from the Guidelines was an abuse of discretion. See Koon v. United States, 518 U.S. 81, 99 (1996) (standard of review); United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987) (abuse of discretion occurs when irrelevant or improper factor is considered and given significant weight). "The Guidelines make clear that 'dissatisfaction with the available sentencing range or a preference for a different sentence than that authorized by the guidelines is not an appropriate basis for a sentence outside the applicable guideline range.'" United States v. Ross, Nos. 98-4100/4106, 2000 WL 427631, at *9 (8th Cir. Apr. 21, 2000) (quoting U.S. Sentencing Guidelines Manual § 5K2.0, p.s., comment.).

Although the district court cited U.S. Sentencing Guidelines Manual § 4A1.3, p.s., and concluded that Aldaz-Loya's criminal history was overrepresented - - without making any findings as to why that was so - - we are satisfied from our review of the record that a section 4A1.3 departure was not warranted in this case. The defendant had two prior state court drug trafficking convictions. Because they were combined for sentencing in state court, he only received three criminal history points for the two separate convictions. He committed the instant offense while on state probation, which resulted in two additional criminal history points being assessed for a total of five. The five criminal history points placed him in criminal history category III. Nothing about his criminal history is overstated by such a placement. See United States v. McNeil, 90 F.3d 298, 301 (8th Cir.), cert. denied, 519 U.S. 1034 (1996). The court's real concern was its view of the harshness of the sentence mandated by the Guidelines[1]; section 4A1.3 does not, however, open the door that section 5K2.0 closes when there is no overstatement of criminal history.

---

[1]"I am going to depart from the guidelines because in my opinion in this particular case the sentence that the guidelines impose is too harsh for the offense that the man committed. I do not feel it would be a proper sentence and I couldn't live with myself if I put this man away for almost four years for crossing that river." (Sent. Tr. at 4.)

Accordingly, we reverse the judgment of the district court and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.