# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1609

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Jason Josh Parmeley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 3, 2001
Filed: October 4, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judge.

_____

PER CURIAM.

Jason Josh Parmeley appeals the sentence imposed on him after he pleaded guilty to two marijuana-related offenses. He argues the district court committed error by applying an obstruction-of-justice enhancement, see U.S.S.G. § 3C1.1, denying an acceptance-of-responsibility reduction, see U.S.S.G. § 3E1.1, and refusing to depart downward for substantial assistance to authorities, see U.S.S.G. § 5K1.1, p.s.

We reject these arguments seriatim. First, Parmeley was sentenced under U.S.S.G. § 4B1.1, the career-offender Guideline; thus, his obstruction argument is moot. See United States v. Unthank, 109 F.3d 1205, 1212 (7th Cir. 1997) (§ 3C1.1

enhancement ultimately had no effect on sentence as defendant was assigned higher offense level under § 4B1.1); cf. United States v. McNeil, 90 F.3d 298, 300 (8th Cir.) (because district court correctly determined defendant to be career offender, his objection to court's role-in-offense determination was moot), cert. denied, 519 U.S. 1034 (1996). Second, the district court did not commit clear error in denying the section 3E1.1 reduction, as Parmeley failed to prove entitlement to it. See United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review); United States v. Honken, 184 F.3d 961, 967-69 (8th Cir.) (commission of obstructive conduct ordinarily indicates defendant has not accepted responsibility; burden is on defendant to establish entitlement to § 3E1.1 reduction ), cert. denied, 528 U.S. 1056 (1999). Finally, as Parmeley does not claim the district court was unaware of its authority to depart or refused to depart on account of an unconstitutional motive, the court's discretionary decision is unreviewable. See United States v. Causor-Serrato, 234 F.3d 384, 390 (8th Cir. 2000), cert. denied, 121 S. Ct. 2229 (2001).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.