FILED
United States Court of Appeals
Tenth Circuit

April 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE MARMOLEJO RAYAS,

Defendant-Appellant.

No. 08-3242
(D.C. No. 2:07-CR-20156-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

Jorge Marmolejo Rayas was found guilty by a jury on one count of illegal

re-entry by an alien who had previously been deported subsequent to conviction

of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Rayas

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to a term of imprisonment of ninety-two months followed by two years' supervised release.

On appeal, Mr. Rayas's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Rayas subsequently filed a letter with this court, which we construe as his response brief. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006); *see also Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007) (Court filings prepared pro se are "entitled to a solicitous construction."). In his letter, Mr. Rayas argues that the aggravated felony used in calculating his criminal history score should not have been considered because it occurred when he was a juvenile and was based on hearsay. He further maintains that he received ineffective assistance of counsel. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

The Presentence Report (PSR) indicates that Mr. Rayas was arrested on September 20, 1992, charged with aggravated assault, and eventually sentenced to a term of imprisonment of two to six years. R. Vol. III at 5. The PSR indicates that, although Mr. Rayas claimed to be eighteen at the time, he was actually sixteen and a juvenile. Mr. Rayas did not offer any objections or changes to the PSR. *Id.* Vol. II, doc. 2 at 4.

The advisory sentencing guidelines provide that three criminal history points be added when "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d)(1); *see also United States v. McNeil*, 90 F.3d 298, 299-300 (8th Cir. 1996) (affirming use of prior conviction by youthful offender under eighteen years of age where defendant was convicted as an adult and sentenced to three years in prison). It is undisputed that Mr. Rayas was convicted as an adult and sentenced to a term of two to six years' imprisonment. There was thus no error in the district court's reliance on the aggravated assault conviction in determining Mr. Rayas's present sentence.

Mr. Rayas's second claim is that he wanted to testify but was prevented from doing so by his attorney. We find that it would be inappropriate at this time for us to consider this claim of ineffective assistance of counsel. As the Supreme Court has explained, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). As such, we have held that the "vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *see also United States v.*

*Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  The claim here presents no exception.  Indeed, we are confronted with the exact circumstances under which ineffective assistance claims should be dismissed, for we have before us neither a record that is sufficiently developed for the purpose of litigating such a claim nor an opinion of the district court on the issue.  We therefore dismiss Mr. Rayas's ineffective assistance claim without prejudice to subsequent efforts to raise it in collateral proceedings under 28 U.S.C. § 2255, and we also deny as moot his request for appointment of new counsel.

After reviewing the record on appeal, we see no meritorious issues for appeal.  We therefore dismiss Mr. Rayas's appeal and grant counsel's motion to withdraw.

Entered for the Court

Neil M. Gorsuch
Circuit Judge