# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3388

_____

United States of America,     *
     *
     Appellee,     *
     *   Appeal from the United States
     v.     *   District Court for the
     *   Western District of Arkansas.
Mark Steven Woods, Jr.,     *
     *   [UNPUBLISHED]
     Appellant.     *

_____

Submitted: November 24, 2009
Filed: November 30, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mark Woods (Woods) pled guilty to possessing more than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). The district court[1] imposed a sentence of 188 months in prison, a $2,500 fine, and 4 years of supervised release. On appeal, Woods's counsel seeks to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that Woods should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

one of his two predicate offenses occurred when he was age 17, although he was charged and convicted in federal court as an adult.

We agree with the district court's career-offender determination. See U.S.S.G. § 4B1.1(a) (stating requirements for career-offender status), id. § 4B1.2 cmt. (n.1) ("[A] federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult"); United States v. Ojeda-Estrada, 577 F.3d 871, 875 (8th Cir. 2009) (declaring de novo review of a career-offender determination); United States v. McNeil, 90 F.3d 298, 299-300 (8th Cir. 1996) (holding a previous offense committed when the defendant was 17 years old was properly considered a predicate offense for determining career-offender status because the defendant was charged and convicted as an adult (citing United States v. Hazelett, 32 F.3d 1313, 1320 (8th Cir. 1994))). Further, we find no abuse of discretion in the sentence, see United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (listing factors that constitute abuse of discretion), and no other nonfrivolous issues for appeal, see Penson v. Ohio, 488 U.S. 75, 80 (1988).

We grant counsel leave to withdraw, and we affirm the judgment.
_____