USCA1 Opinion

 

 April 16, 1996 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________ No. 95-1751 UNITED STATES OF AMERICA, Appellee, v. ANGEL SANCHEZ, Defendant, Appellant. ____________ ERRATA SHEET The opinion of this Court issued on April 8, 1996, is amended as follows: Page 8, first line of the last paragraph: Delete "agreed" and insert in place thereof "argued". April 12, 1996 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________ No. 95-1751 UNITED STATES OF AMERICA, Appellee, v. ANGEL SANCHEZ, Defendant, Appellant. ____________ ERRATA SHEET The opinion of this court issued on April 8, 1996, is amended as follows: Page 4, heading: Change the second line of the heading by deleting "U.S.C." and inserting in place thereof "U.S.S.G." Page 6, line 11: Delete "Committee's" and insert in place thereof "Commission's". Page 9, third paragraph: Delete all but the first sentence and insert in place of deleted material the following:  Section 1B1.10 is a policy statement relative to the retroactivity of amendments. Section 1B1.10(c) lists those substantive Amendments intended to be retroactive. The two-level reduction was added to the Guidelines by Amendment 515. This Amendment is not listed in Section 1B1.10(c). Page 9, fourth paragraph, lines 3-5: Delete the bracketed material and insert in place thereof:  [Section 80001(b) of the Violent Crime Control and Law Enforcement Act of 1994 which directs the Commission to implement Section 80001(a) (the safety valve statute)] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1751 UNITED STATES OF AMERICA, Appellee, v. ANGEL SANCHEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ M. Kristin Spath, Attorney, with whom Bjorn Lange, Assistant _________________ ____________ Federal Defender, was on brief for appellant. Jean B. Weld, Assistant United States Attorney, with whom Paul M. ____________ _______ Gagnon, United States Attorney, was on brief for appellee. ______ ____________________ April 8, 1996 ____________________ BOWNES, Senior Circuit Judge. This is a sentencing BOWNES, Senior Circuit Judge. ____________________ case. Defendant-appellant Angel Sanchez was indicted under 21 U.S.C. 841(a)(1) on five counts of possessing and distributing cocaine base -"crack cocaine." He entered into a plea agreement with the government which provided that he would plead guilty to counts one through four; count five was dismissed. Prior to signing the plea agreement, defendant reserved his right to challenge at sentencing the cocaine/cocaine base sentencing disparity. Defendant was sentenced to 108 months' incarceration with a recommendation that he be placed in a 1,000 hour drug treatment program while in prison. Part of the sentence was supervised release for five years after release from prison. He was also assessed $200.00. Defendant raises three issues on appeal: (1) The district court erred in refusing to consider at sentencing expert testimony proffered by defendant in support of his "rule of lenity" challenge to the enhanced statutory penalties in 21 U.S.C. 841(B)(1)(b)(III) for "cocaine base". (2) The district court erred in failing to consider a downward departure under U.S.S.G. 5K2.0. (3) The defendant was entitled to a two level reduction of the applicable offense level, in order to implement the statutory intent of the so- called "safety valve" -2- 2 provisions of the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C.  3553(f)(1)-(5). The Rule of Lenity Challenge to the  The Rule of Lenity Challenge to the  ____________________________________ Enhanced Penalties in  Enhanced Penalties in  ______________________ 21 U.S.C. 841(b)(1)(b)(III) For Cocaine Base. 21 U.S.C. 841(b)(1)(b)(III) For Cocaine Base. _______________________________________________ This issue, the centerpiece of defendant's brief, is foreclosed by our decision in United States v. Camilo, 71 _______________________ F.3d 984 (1st Cir. 1995), which was decided after briefing and oral argument in this case. An identical challenge to the enhanced penalties for crack cocaine was raised in Camilo. Id. at 989-90. We rejected it for two reasons: ______ ___ First, the rule of lenity argument fails for essentially the same reason that this circuit previously rejected the argument that scientific equivalence requires that crack offenders be given the same sentences as those who traffic in cocaine powder. United States v. Singleterry, 29 ____________________________ F.3d 733, 740 (1st Cir. 1994). . . . . Second, in light of recent legislative developments we conclude that the Sentencing Commission cannot be said to have failed in its statutory duty to investigate the distinction between crack and cocaine powder. In response to the Sentencing Commission's April 13, 1995 vote, the House of Representatives joined the Senate on October 18, 1995 in voting to retain the current mandatory sentence for possession of crack cocaine, maintaining disparate sentences for crack and powder cocaine possession. See ___ Pub.L. No. 104-38, 1, 109 Stat. 334, 334 (1995). And on October 30, 1995, the President signed this bill into law. These actions preempt the Sentencing -3- 3 Commission's April 13, 1995 decision to eliminate the distinction between crack and cocaine powder from taking effect on November 1, 1995. See 28 U.S.C.  ___ 994(p). Id. at 990. ___ Failure of the District Court to Grant Failure of the District Court to Grant ______________________________________ a Downward Departure Under U.S.S.G. 5K2.0. a Downward Departure Under U.S.S.G. 5K2.0. ____________________________________________ The law in this Circuit on downward departures is clear. We lack jurisdiction to review an appeal which is based on the discretionary judgment of the sentencing judge. We do, however, have jurisdiction to consider a refusal to depart downward where the sentencing judge's decision was based on the mistaken belief that he was prohibited by law from doing so. See United States v. Pierro, 32 F.3d 611, 619 ___ _______________________ (1st Cir. 1994), and cases cited therein. This case, however, does not hinge on whether the sentencing judge made a discretionary decision not to depart downward or one based on his perception that he was legally constrained from doing so. Section 5K2.0 of the Guidelines provides in pertinent part: Grounds for Departure (Policy Statement) _____________________ Under 18 U.S.C. 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in the sentence different from -4- 4 that described." . . . The controlling decision as to whether and to what extent departure is warranted can only be made by the courts. Defendant's argument at sentencing and before us was that a downward departure was warranted under 5K2.0 because of a circumstance not adequately taken into consideration by the Sentencing Commission in formulating Guideline 2D1.1(c), (the Drug Quantity Table). The circumstance relied on was "the findings and recommendations of the Commission's congressionally mandated study of the disparity between powder and 'crack' cocaine." Defendant's Brief at 14. In rejecting defendant's motion for a downward departure the district judge stated: THE COURT: The Court appreciates the fact that the Sentencing Commission, at the request of Congress, has been asked to review the 100-to-1 ratio. However, all we have at this point in time is the Sentencing Commission's recommendations. And in the opinion of the Court the Court must live within the current law and the current Guidelines as written now; that it would be inappropriate for the Court essentially to adopt as new policy matters which only constitute recommendations and have not been acted upon by the United States Congress. We do not know what Congress may do with those recommendations; whether they will be rejected in toto, whether they will be adopted in toto, or whether they may be adopted with changes. So it would be pure speculation for the Court really to operate on the assumption that these changes are going to become policy and law. -5- 5 Defendant argues that this statement shows that the sentencing judge believed that he lacked the legal authority to depart from the guideline range and thus his decision is appealable as a mistake of law. The government contends that the judge exercised his discretion in not departing downwards, focusing on the phrase, "it would be inappropriate." We need not settle this argument because it makes no difference. We rule that the circumstance relied on by defendant, for a downward departure, the findings and recommendations of the Sentencing Commission relative to changing the sentence disparity between cocaine and crack cocaine, is not a ground for departure under 5K2.0. A Sentencing Commission's recommendation to the Congress is not the kind of "circumstance" that the provision covers. Moreover, we cannot blind our eyes to the fact that the Congress shot down the Commission's recommendation. In other words, we affirm the ruling of the district judge whether it was discretionary or not. Whether Defendant was Entitled to a Two-Level Whether Defendant was Entitled to a Two-Level _____________________________________________ Reduction Because of the "Safety Valve" Provisions Reduction Because of the "Safety Valve" Provisions __________________________________________________ of the Violent Crime Control Act of 1994. of the Violent Crime Control Act of 1994. _________________________________________ We start with the so-called "safety valve" provisions of the Violent Crime Control and Law Enforcement Act of 1994. 18 U.S.C. 3553(f) provides: (f) Limitation on applicability of (f) Limitation on applicability of statutory minimums in certain cases.-- statutory minimums in certain cases. -6- 6 Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 961, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that-- (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were -7- 7 part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. In arriving at the incarceration time of 108 months, the judge found that defendant met all the criteria of the safety valve provisions. Defendant was sentenced on July 11, 1995. The Sentencing Commission proposed an amendment to 2D1.1(b) (specific offenses characteristics) on May 10, 1995, to become effective November 1, 1995, unless modified or rejected by the Congress, neither of which occurred. The proposed amendment, therefore, became law. It is part (4) of 2D1.1(b). It provides: (4) If the defendant meets the criteria set forth in subdivisions (1)-(5) of 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26 or greater, 26 decrease by 2 levels.1 2 At sentencing the judge refused to apply the then-proposed guideline because it had not yet been enacted.  ____________________ 1. Subdivisions (1)-(5) of 5C1.2 state verbatim the safety valve provisions of 18 U.S.C. 3553(f). -8- 8 The question before us is not what the parties agrued and briefed: whether the proposed amendment should have been applied. The issue now is whether the enacted guideline should be applied retroactively. Unfortunately for defendant, the answer is "no." There is a solid line of cases in this Circuit holding that Guideline amendments are applied retroactively if they clarify a Guideline but are not so applied if they substantively change a Guideline. See United States v. ___ _________________ LaCroix, 28 F.3d 223, 227 n.4 (1st Cir. 1994); United States _______ _____________ v. Prezioso, 989 F.2d 52, 53 (1st Cir. 1993); Isabel v. ____________ _________ United States, 980 F.2d 60, 62 (1st Cir. 1992); United States _____________ _____________ v. Havener, 905 F.2d 3, 4-8 (1st Cir. 1990). __________ The Guideline amendment appears, without much doubt, to be substantive. It added an additional and wholly new part to Guideline 2D1.1(b). It does not clarify the provisions of 5C1.2; it mandates a decrease of two levels if these provisions are met and the offense level is 26 or greater. In addition to our own analysis, we note that the Sentencing Commission did not consider this amendment to be retroactive. Section 1B1.0 is a policy statement relative to the retroactivity of amendments. Section 1B1.10(c) lists those substantive Amendments intended to be retroactive. The -9- 9 two-level reduction was added to the Guideline by Amendment 515. This Amendment is not listed in Section 1B1.1(c). Moreover, the Amendment does not state that it is a clarifying Amendment. Amendment 515 states: "this amendment adds a new subsection to 2D1.1 to implement [Section 80001(b) of the Violent Crime Control and Law Enforcement Act of 1994 which directs the Commission to implement Section 80001(a) (the safety valve statute)] by providing a two-level decrease in offense level for cases meeting the criteria set forth in 5C1.2(1)-(5). The effective date of this amendment is November 1, 1995." We can think of no reason for holding the Amendment to be retroactive. The judgment of the district court is affirmed in The judgment of the district court is affirmed in ___________________________________________________ all respects. all respects ____________ -10- 10