92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Valentin SEVERINO-NUNEZ, Defendant, Appellant.
 No. 95-1858.
 United States Court of Appeals, First Circuit.
 Aug. 14, 1996.
 
 Raymond Rivera on brief for appellant.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Valentin Severino Nunez pled guilty to aiding and abetting others in possessing with intent to distribute approximately 540 kilograms of cocaine and was sentenced to a 90-month prison term. He appealed from his sentence. Appellate counsel has now filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting the lack of any meritorious ground for appeal, and a motion to withdraw which he has served on Severino. Although counsel notified Severino of his right to file a supplemental brief, Severino has not filed any brief and the deadline has passed. Because we agree that this appeal has no merit, we affirm Severino's conviction and sentence and grant the motion to withdraw.
 
 
 2
 The plea hearing transcript shows that the court conducted a colloquy which substantially conformed to Fed.R.Crim.P. 11 requirements and that Severino pled guilty voluntarily and knowingly. Hence, his guilty plea was valid. Cf. United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir.) (guilty pleas which violate the "core concerns" of Rule 11 must be set aside), cert. denied, 116 S.Ct. 94 (1995). Any technical defect was harmless. See id.; see Fed.R.Crim.P. 11(h) (variances from Rule 11 procedures which do not affect substantial rights are to be disregarded).
 
 
 3
 Any claim that Severino should have received the lowest possible sentence, i.e., 87 months, would be meritless. The applicable sentencing guideline range was 87 to 108 months. In the plea agreement, the government promised to recommend a sentence at the "lower" end of the range, which it did. At sentencing, the court imposed a 90-month sentence, which was unquestionably within the lower end of the guidelines. Even if, despite the government's recommendation, the court had chosen an even higher sentence within the guideline range, Severino would have no basis for complaint. In his plea agreement, he acknowledged that the court was not bound by the government's sentencing recommendations.
 
 
 4
 Moreover, Severino cannot avail himself of the additional two-level reduction in base offense level accorded some defendants by Amendment 515 of the Sentencing Guidelines since he was sentenced before the Amendment became effective. In United States v. Sanchez, 81 F.3d 9, 12-13 (1st Cir.1995), petition for cert. filed, --- U.S.L.W. ---- (U.S. July 8, 1996) (No. 96-5082), we determined that the Amendment is not retroactive.
 
 
 5
 We affirm appellant's conviction and sentence and grant counsel's motion to withdraw.