**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40976
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BRAULIO RUEDA FONTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

September 6, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:

Braulio Rueda Fonts ("Fonts") pleaded guilty to the delivery of crack cocaine and was sentenced to fifty-seven months, followed by three years of supervised release. Fonts appeals, claiming that the district court erred in refusing to make a downward departure from the sentencing guidelines based on the different treatment relating to crack cocaine and powder cocaine offenses and the disparate impact the sentencing guidelines have on minorities. Finding no error by the district court in refusing Fonts' downward

departure, we affirm.

BACKGROUND

Braulio Rueda Fonts plead guilty to the delivery of 4.7 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 on August 21, 1995 pursuant to a written plea agreement. However, by agreement with the Government, Fonts' sentencing date was deferred until after November 1, 1995, pending resolution of the Sentencing Commission's amendments that were being proposed as to crack cocaine offenses. Prior to his sentencing, but before November 1, 1995, Fonts filed a motion for downward departure pursuant to 18 U.S.C. § 3553(b) and United States Sentencing Guideline §5K2.0, contending that the Sentencing Commission failed to consider the sentencing disparity between offenses involving powder cocaine and crack cocaine and the discriminatory effect it has on minorities when the guidelines were established. Specifically, Fonts asserts that because of the 100:1 quantity ratio between cocaine powder and crack cocaine, minorities are predominately being sentenced for crack cocaine offenses and thus have received much higher sentences compared to Caucasian offenders who are usually sentenced for powder cocaine offenses. The underlying basis for Fonts' argument is that powder cocaine and crack cocaine are substantially similar substances and the offenses involving these two drugs involve substantially similar conduct, yet crack cocaine results in disproportionate consequences on minorities because they are sentenced more often for crack offenses. Therefore, Fonts contends that this disparate impact on

2

minorities constituted a mitigating circumstance and, thus, the district court could depart downward from the recommended sentencing guideline for his crack cocaine offense.

Subsequently, at Fonts' sentencing, the district court denied Fonts' motion for downward departure stating that in fact the Sentencing Commission had studied this disparity, but that it was rejected by Congress.  Moreover, the district court noted that this circuit's prior decisions precluded Fonts' argument regarding the sentencing disparity on minorities between crack cocaine and powder cocaine as grounds for departure.  The district court  sentenced Fonts to 57 months of imprisonment, followed by three years of supervised release.  Fonts appeals the district court's refusal to make a downward departure.

### DISCUSSION

This court will not review a district court's refusal to depart from the sentencing guidelines unless a district court's refusal is a violation of the law.  United States v. Guajardo, 950 F.2d 203 (5th Cir. 1991), cert. denied, 503 U.S. 1009, 112 S. Ct. 1773, 118 L. Ed. 2d 432 (1992).  A violation of law occurs if the district court refuses to depart under the mistaken assumption that it does not have the authority to do so.  United States v. Burleson, 22 F.3d 93 (5th Cir.), cert. denied, ___ U.S. __, 115 S. Ct. 283, 130 L. Ed. 2d 199 (1994).  In reviewing a sentence, the district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo.  United States v. Soliman, 954 F.2d 1012 (5th Cir. 1992).

3

Fonts contends that the district court erred in refusing his request to downwardly depart from the sentencing guidelines because the district court erroneously believed that it did not have the authority to depart from the sentencing guidelines. Fonts asserts that prior case law which refused to recognize the sentencing disparity between crack cocaine and powder cocaine as a grounds for departure did not consider the Sentencing Commission's findings that crack cocaine and powder cocaine were substantially the same drug, and that the criminal conduct involving crack cocaine and powder cocaine were the same. Further, Fonts contends that the district court's specific findings and the Sentencing Commission's findings distinguish his case from prior appellate decisions and that a downward departure to avoid sentencing disparities between defendants found guilty of similar conduct is within the district court's discretionary power pursuant to 18 U.S.C. 3553(b) and U.S.S.G. §5K2.0.

Therefore, the sole question before the Court is whether the district court had the authority to downwardly depart from the sentencing guidelines based on Fonts' disparate impact argument. For the following reasons, we conclude the district court did not.

In May 1995, the Sentencing Commission proposed amendments to the sentencing guidelines that would eliminate the penalty differential between crack cocaine and powder cocaine, i.e., proposing a 1:1 ratio between crack cocaine and powder cocaine, and specifically suggesting that Congress drop the 100:1 ratio from its mandatory minimums. See United States Sentencing Commission,

4

Amendments to the Sentencing Guidelines, 60 Fed. Reg. 25074, 25075–76 (1995).  Absent action by the Congress, these proposed amendments would have become effective on November 1, 1995. However, Congress rejected the Sentencing Commission's proposed 1:1 ratio on October 30, 1995, and refused to change the disparity between crack cocaine and powder cocaine offenses.[1]  See Pub. L. 104-38, 109 Stat. 334, § 1.  Congress' actions cannot be ignored.

We note that other circuits have considered whether a district court can contemplate a downward departure based on the sentencing disparity between crack cocaine and powder cocaine offenses on the basis of the Sentencing Commission's findings regarding the similarity of crack cocaine and powder cocaine and the Commission's recommendation that crack cocaine and powder cocaine offenses be sentenced similarly.  However, these circuits have rejected the notion that a district court may override the express intention of Congress regarding penalties for crack cocaine and powder cocaine under either 18 U.S.C. 3553(b) or § 5K2.0.  See United States v. Sanchez, 81 F.3d 9 (1st Cir. 1996), petition for cert. filed, (U.S. July 8, 1996)(No. 96-5082); United States v. Ambers, 85 F.3d 173, 177 (4th Cir. 1996); United States v. Anderson, 82 F.3d 436, 438–42 (D.C. Cir. 1996); United States v. Booker, 73 F.3d 706, 710 (7th Cir. 1996); United States v. Higgs, 72 F.3d 69, 70 (8th Cir. 1995).

---

[1]  In rejecting the Sentencing Commission's proposed amendments, Congress directed the Commission to submit to it recommendations  with the guidance that "the sentence imposed for trafficking in a quantity of crack cocaine should generally exceed the sentence imposed for trafficking in a like quantity of powder cocaine...."  Pub. L. 104-38, 109 Stat. 334, §2(a)(1)(A).

We join these circuits in refusing to allow a district court to downwardly depart under these circumstances. "[I]t is not the province of this Court to second guess Congress' chosen penalty. That is a discretionary legislative judgment for Congress and the Sentencing Commission to make." United States v. Cherry, 50 F.3d 338, 344 (5th Cir. 1995). Thus, granting a downward departure based on the disparity between the penalties for crack cocaine and powder cocaine offenses would be second guessing Congress' authority. This Court, as well as others, has declined to question the penalties for crack cocaine chosen by Congress, and we refuse to do so in this instance. Therefore, because this Court will not override or second-guess Congress' actions, Fonts' disparate impact argument must fail. Moreover, Fonts' sentencing occurred on November 15, 1995, some two weeks after Congress rejected the Sentencing Commission's proposed amendments. This was noted by the district court, however Fonts still contended that the district court should make the downward departure. A defendant's sentence is normally based on the Sentencing Guidelines "that are in effect on the date that the defendant is sentenced." 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a). Thus, the sentencing court must apply the version of the guidelines which are in effect at the time of the sentencing unless application of that version would violate the Ex Post Facto Clause of the Constitution. United States v. Ashburn, 20 F.3d 1336 (5th Cir. 1994), cert. denied, __ U.S. __, 115 S. Ct. 1969, 131 L. Ed. 2d 858 (1995).

Furthermore, this Court has previously determined that the

6

sentencing guidelines that impose harsher sentences on those involving crack cocaine offenses compared to those involving powder cocaine offenses, did not violate equal protection rights of minorities, despite the contention that statistics indicated that minorities are convicted more often of crack cocaine offenses whereas Caucasian are convicted more often for powder cocaine offenses which exposes them to less sever sentences. See United States v. McKinney, 53 F.3d 664 (5th Cir.), cert. denied, __ U.S. _, 116 S. Ct. 431, 133 L. Ed. 2d 346 (1995); United States v. Cherry, 50 F.3d 338 (5th Cir. 1995); United States v. Fischer, 22 F.3d 574 (5th Cir.), cert. denied, ___ U.S. ___, 115 S. Ct. 529, 130 L. Ed. 2d 433 (1994). Therefore, the district court did not err by refusing to grant Fonts' downward departure and by sentencing him according to the sentencing guidelines.

For the foregoing reasons, we AFFIRM the district court's denial of Fonts' Motion for downward departure and the sentence.

AFFIRM

7