IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30023
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST E. ROBERTSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(95-CR-60-2)
_____

April 11, 1997

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:*

Earnest Edward Robertson, Jr., was convicted of conspiracy
to possess with intent to distribute and to distribute cocaine
base, possession with intent to distribute cocaine base, and
using and carrying a firearm in relation to a drug trafficking
crime, in violation of 21 U.S.C. § 846, 841 and 18 U.S.C. §

_____

* Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

924(c).  He was sentenced to imprisonment for life.  Robertson appeals his conviction and sentence.

Counsel for Robertson, consistent with the custom of the profession in this day, has filed a 44 page brief arguing his view of the evidence with little or no attention to legal precedent or the fact findings of the court and jury.  There is no merit to any of these arguments.  We briefly explain.

1.   The evidence supports Robertson's conspiracy conviction.  He was alongside Jones and offered advice during negotiation of the drug deal with Dunn.  Jones and Robertson spent the day "dropping off crack cocaine."  Robertson contacted Milton about fronting the crack cocaine and was at the Starring Lane Motel to advance the drug deal.

2.   The district court correctly applied the preponderance of the evidence standard in increasing the base offense level. United States v. Gaytan, 74 F.3d 545, 558 (5th Cir.), cert. denied, 117 S.Ct. 77 and 506 (1996).

3.   The calculation of the amount of cocaine attributable to Robertson, as relevant conduct under U.S.S.G. § 1B1.3, was supported by evidence and not error.

4.   There was sufficient reliable evidence to support the district court's finding that Robertson was a manager or supervisor of the criminal activity involving five or more persons.  § 3B1.1.(a).

5.     There was no error in imposing an obstruction-of-justice increase under § 3C1.1 based on Robertson's perjurious testimony.

6.     Since Robertson was a manager or supervisor of the criminal activity, he did not qualify for a decrease in offense points for a minimal role.

7.     Two points were correctly added to Robertson's criminal history category because he committed this offense while under criminal justice sentence.  This applies when a defendant is under unsupervised probation.  § 4A1.1(d), comment (n.4).  The placement of Robertson on probation by the Louisiana court was effectively a sentence.

8.     Whatever the Sentencing Commission may have recommended, Congress has had its say on the disparity between crack cocaine and powder cocaine.  See United States v. Fonts, 95 F.3d 372, 373-75 (5th Cir. 1996).  The district court made no legal error, and we have no jurisdiction to consider the district court's refusal to grant downward departure.

9.     Since Robertson carried a loaded pistol in his waistband during the drug deal, his conviction on that count was warranted.

AFFIRMED.