[NOT FOR PUBLICATION]
United States Court of Appeals United States Court of Appeals
For the First Circuit For the First Circuit


No. 95-2282

UNITED STATES OF AMERICA,

Appellee,

v.

JULIO ANDRE VALDEZ,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, U.S. District Judge] 



Before

Stahl and Lynch, Circuit Judges, 
and O'Toole,* District Judge. 


Alan Scribner was on brief for appellant. 
Margaret E. Curran, Assistant United States Attorney, 
with whom Sheldon Whitehouse, United States Attorney, and 
Zechariah Chafee, Assistant United States Attorney, were on 
brief for appellee.



May 20, 1997


*Of the District of Massachusetts, sitting by designation.

Per Curiam. Julio Andre Valdez challenges the Per Curiam.  

district court's refusal to depart downward from the sentence

prescribed by the U.S. Sentencing Guidelines. Specifically,

he argues that the sentencing disparity between cocaine base

and powder cocaine related offenses violates the Eighth

Amendment's prohibition against cruel and unusual punishment.

I.

A jury convicted Valdez of one count of conspiracy

to distribute cocaine base ("crack" cocaine) and two counts

of distributing cocaine base in violation of 18 U.S.C. 2,

841, and 846 on April 25, 1995. Valdez had been arrested

after twice selling crack cocaine to a Drug Enforcement

Agency informant in Providence, Rhode Island. 

Based on the total amount of cocaine base involved

in the transactions (105 grams), the district court

determined Valdez's base offense level under the U.S.

Sentencing Guidelines to be 32. His two prior convictions

resulted in a criminal history category of III. The judge

imposed a sentence of 151 months in jail and 5 years of

supervised release, with special conditions relating to

deportation and substance abuse counseling -- the lowest

sentence permissible within the applicable guideline range. 

At the sentencing hearing Valdez made two arguments

for downward departure. First, he argued that the United

2

States Sentencing Commission's February 1995 Special Report

to Congress (the "Report"), which recommended reducing the

disparity between sentences for crack offenses and those for

cocaine offenses, constituted a mitigating circumstance

warranting a downward departure under U.S.S.G. 5K2.0, p.s.

Second, he argued that the court should also depart on the

basis of various personal characteristics, such as his

limited education, pursuant to U.S.S.G. 5H1, p.s. The

court rejected these arguments and refused to depart.

Apparently having abandoned the claims for downward

departure based on specific offender characteristics and

mitigating circumstances,1 Valdez appeals his sentence on a

newly raised ground: that the 100-to-1 disparity between

crack and powder cocaine penalties violates the Eighth

Amendment, and the district court was thus required to depart

downward.

II.

The court does not have appellate jurisdiction over

a court's discretionary refusal to depart downward. See 

United States v. Saldana, 109 F.3d 100, 103 (1st Cir. 1997); 

United States v. Sanchez, 81 F.3d 9, 10 (1st Cir.), cert. 

 

1. Although Valdez's brief does not appear to challenge the
court's refusal to depart on the ground that the Report
constitutes "mitigating circumstances," the government
addresses the claim in its brief. To the extent that Valdez
presents this argument, we reject it. As we have previously
held, the Report is not a permissible ground for departure. 
United States v. Andrade, 94 F.3d 9, 14-15 (1st Cir. 1996).  

3

denied, 117 S. Ct. 201 (1996). We can, however, review the 

refusal if it was based on the mistaken belief that the court

had no authority to depart. See Saldana, 109 F.3d at 103. 

Even assuming that the court's failure to depart downward sua 

sponte on a ground not raised before it is reviewable under 

the latter principle, Valdez still has a hurdle to clear to

achieve appellate review.

We reject Valdez's new argument that the Eighth

Amendment prohibited the sentence he received. Because of

his failure to raise the constitutional claim below, we can

review only for plain error. United States v. Carvell, 74 

F.3d 8, 14 (1st Cir. 1996) ("[I]ssues not raised below will

not be heard on appeal unless there was plain error."). We

see no plain error here, nor has any such error been

presented to us. See United States v. Graciani, 61 F.3d 70, 

76 (1st Cir. 1995) ("At most, the Eighth Amendment gives rise

to a narrow proportionality principle, forbidding only

extreme sentences that are significantly disproportionate to

the underlying crime." (internal citations and quotation

marks omitted)). For this reason, we decline to reach the

merits of Valdez's Eighth Amendment argument or his argument

that this court should reconsider its decision in United 

States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir. 1994), 

that, inter alia, the sentencing disparity does not violate 

-4- 4

the Due Process and Equal Protection Clauses of the

Constitution. 

As for Valdez's belated argument that the cocaine

in this case was not in fact crack cocaine, it is too little,

too late. While it is within our discretion to review an

issue raised for the first time in a reply brief if

exceptional circumstances are shown, Aetna Cas. Sur. Co. v. 

P. & B. Autobody, 43 F.3d 1546, 1571 (1st Cir. 1994), we find 

no such circumstance in this case and thus decline to

exercise that discretion. 

Affirmed. 

-5- 5