USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-2282 UNITED STATES OF AMERICA, Appellee, v. JULIO ANDRE VALDEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Stahl and Lynch, Circuit Judges, ______________ and O'Toole,* District Judge. ______________ ____________________ Alan Scribner was on brief for appellant. _____________ Margaret E. Curran, Assistant United States Attorney, ____________________ with whom Sheldon Whitehouse, United States Attorney, and ___________________ Zechariah Chafee, Assistant United States Attorney, were on ________________ brief for appellee. ____________________ May 20, 1997 ____________________ *Of the District of Massachusetts, sitting by designation.  Per Curiam. Julio Andre Valdez challenges the Per Curiam.  ___________ district court's refusal to depart downward from the sentence prescribed by the U.S. Sentencing Guidelines. Specifically, he argues that the sentencing disparity between cocaine base and powder cocaine related offenses violates the Eighth Amendment's prohibition against cruel and unusual punishment. I. A jury convicted Valdez of one count of conspiracy to distribute cocaine base ("crack" cocaine) and two counts of distributing cocaine base in violation of 18 U.S.C. 2, 841, and 846 on April 25, 1995. Valdez had been arrested after twice selling crack cocaine to a Drug Enforcement Agency informant in Providence, Rhode Island.  Based on the total amount of cocaine base involved in the transactions (105 grams), the district court determined Valdez's base offense level under the U.S. Sentencing Guidelines to be 32. His two prior convictions resulted in a criminal history category of III. The judge imposed a sentence of 151 months in jail and 5 years of supervised release, with special conditions relating to deportation and substance abuse counseling -- the lowest sentence permissible within the applicable guideline range.  At the sentencing hearing Valdez made two arguments for downward departure. First, he argued that the United 2 States Sentencing Commission's February 1995 Special Report to Congress (the "Report"), which recommended reducing the disparity between sentences for crack offenses and those for cocaine offenses, constituted a mitigating circumstance warranting a downward departure under U.S.S.G. 5K2.0, p.s. Second, he argued that the court should also depart on the basis of various personal characteristics, such as his limited education, pursuant to U.S.S.G. 5H1, p.s. The court rejected these arguments and refused to depart. Apparently having abandoned the claims for downward departure based on specific offender characteristics and mitigating circumstances,1 Valdez appeals his sentence on a newly raised ground: that the 100-to-1 disparity between crack and powder cocaine penalties violates the Eighth Amendment, and the district court was thus required to depart downward. II. The court does not have appellate jurisdiction over a court's discretionary refusal to depart downward. See ___ United States v. Saldana, 109 F.3d 100, 103 (1st Cir. 1997); ______________ _______ United States v. Sanchez, 81 F.3d 9, 10 (1st Cir.), cert. _____________ _______ _____  ____________________ 1. Although Valdez's brief does not appear to challenge the court's refusal to depart on the ground that the Report constitutes "mitigating circumstances," the government addresses the claim in its brief. To the extent that Valdez presents this argument, we reject it. As we have previously held, the Report is not a permissible ground for departure.  United States v. Andrade, 94 F.3d 9, 14-15 (1st Cir. 1996).  _____________ _______ 3 denied, 117 S. Ct. 201 (1996). We can, however, review the ______ refusal if it was based on the mistaken belief that the court had no authority to depart. See Saldana, 109 F.3d at 103. ___ _______ Even assuming that the court's failure to depart downward sua ___ sponte on a ground not raised before it is reviewable under ______ the latter principle, Valdez still has a hurdle to clear to achieve appellate review. We reject Valdez's new argument that the Eighth Amendment prohibited the sentence he received. Because of his failure to raise the constitutional claim below, we can review only for plain error. United States v. Carvell, 74 _____________ _______ F.3d 8, 14 (1st Cir. 1996) ("[I]ssues not raised below will not be heard on appeal unless there was plain error."). We see no plain error here, nor has any such error been presented to us. See United States v. Graciani, 61 F.3d 70, ___ _____________ ________ 76 (1st Cir. 1995) ("At most, the Eighth Amendment gives rise to a narrow proportionality principle, forbidding only extreme sentences that are significantly disproportionate to the underlying crime." (internal citations and quotation marks omitted)). For this reason, we decline to reach the merits of Valdez's Eighth Amendment argument or his argument that this court should reconsider its decision in United ______ States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir. 1994), ______ ___________ that, inter alia, the sentencing disparity does not violate _____ ____ -4- 4 the Due Process and Equal Protection Clauses of the Constitution.  As for Valdez's belated argument that the cocaine in this case was not in fact crack cocaine, it is too little, too late. While it is within our discretion to review an issue raised for the first time in a reply brief if exceptional circumstances are shown, Aetna Cas. Sur. Co. v. ____________________ P. & B. Autobody, 43 F.3d 1546, 1571 (1st Cir. 1994), we find ________________ no such circumstance in this case and thus decline to exercise that discretion.  Affirmed. ________  -5- 5