IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-41516
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ALLEN LEWIS,
also known as L.A.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CR-19-1)
August 12, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Christopher Allen Lewis challenges the sentence imposed following his guilty plea conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Specifically, he argues that the district court erred (1)in calculating the amount of cocaine base attributable to him for sentencing purposes and (2)in refusing to make a downward departure.

First, Lewis contends that the 137.3 grams of cocaine base attributed to him in the presentence report ("PSR") included the

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

weight of baking soda which ought to have been excluded as waste. The amount of drugs involved in an offense is a factual determination reviewed for clear error. See United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993), cert. denied, 510 U.S. 1198 (1994). Lewis failed to present any evidence at sentencing that the amount of cocaine base attributed to him in the PSR contained any determinable quantity of baking soda. The district court did not clearly err in adopting the undisputed findings of the PSR with respect to the drug quantity. See Fed. R. Crim. P. 32(b)(6)(D).

Because Lewis did not demonstrate clear error in connection with this finding and failed to demonstrate that the cocaine base contained baking soda, we need not reach the merits of his argument that baking soda is an excludable waste product under the sentencing guidelines.

Second, Lewis argues that the district court erred in failing to grant a downward departure based on the disparity between the penalties for crack and powder cocaine. This argument is foreclosed by the law of this circuit. See United States v. Thomas, 120 F.3d 564, 575 (5th Cir. 1997), cert. denied, 118 S.Ct. 721 (1998); United States v. Fonts, 95 F.3d 372, 374-75 (5th Cir. 1996).

Lewis' appeal is without arguable merit and is therefore frivolous. Because it is frivolous, it is dismissed. 5th Cir. R. 42.2.

APPEAL DISMISSED.