IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10382
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE L. PEREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-176-2-Y
--------------------
October 28, 2002
Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Jorge L. Perez appeals his sentence following a guilty plea
to possession with intent to distribute more than five kilograms
of cocaine.  Perez argues that the district court should have
granted him a reduction in offense level based on his role in the
offense.  Perez contends that his sentence should be vacated and
the case remanded for resentencing because the district court
failed to consider a November 2001 amendment to the Sentencing
Guidelines.

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Perez's sentence should have been computed using the November 1, 2001, version of the Sentencing Guidelines; however, the probation officer used the November 1, 2000, Sentencing Guidelines to compute Perez's sentence. See United States v. Fonts, 95 F.3d 372, 374 (5th Cir. 1996).

Both the 2000 and 2001 Sentencing Guidelines provide that a defendant's offense level should be decreased by four levels, if his role in the offense was minimal; by two levels, if his role in the offense was minor; and by three levels, if his level of participation was between minimal and minor. U.S.S.G. § 3B1.2. Guidelines Amendment 635, which became effective November 1, 2001, amended the commentary to § 3B1.2 to provide that "[a] defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline." § 3B1.2, comment (n.3(A))(Nov. 2001).

Although Perez objected that his offense level should be reduced due to his allegedly minor role in the offense, he did not argue that his sentence was based on an outdated version of the Sentencing Guidelines and he did not cite Amendment 635 in support of his argument for a reduction in offense level. Under these circumstances, we review Perez's sentencing argument for plain error. United States v. Leonard, 157 F.3d 343, 346 (5th

Cir. 1998; United States v. Ravitch, 128 F.3d 865, 871 (5th Cir. 1997).

The district court denied Perez a downward adjustment for his role in the offense because it determined that he was an average participant in the conspiracy and that his role was in the conspiracy was "not peripheral." See United States v. Castillo, 77 F.3d 1480, 1493-94 (5th Cir. 1996).

The district court did not plainly err by denying Perez a reduction in offense level for acceptance of responsibility because it is clear from the record that Perez was not "substantially less culpable than the average participant" in the conspiracy and that his role in the offense was not peripheral to the conspiracy. U.S.S.G. § 3B1.2, comment. (n.3(A)); Castillo, 77 F.3d at 1493-94. The policy enunciated in Amendment 635 is irrelevant to the district court's reasons for denying Perez a downward adjustment for his role in the offense.

AFFIRMED.