United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11174
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KELDRIC WALKER THOMAS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-174-ALL-N
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

    Keldric Walker Thomas pleaded guilty to possession of a

firearm in furtherance of a drug trafficking crime and to

possession with intent to distribute 5 or more grams of crack

cocaine.  He appeals his sentence on the drug possession offense,

arguing for the first time on appeal that the district court

erred by determining his guideline range based a greater quantity

of drugs than pleaded in the indictment, in violation of United

States v. Booker, 125 S. Ct. 738, 756 (2005).  He also asserts

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the first time that the district court erred in imposing a sentence under a mandatory guideline scheme, also in violation of Booker, 125 S. Ct. at 756-57.

This court reviews these arguments for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Thomas's first argument lacks merit; his guideline range was based on the amount of drugs which he admitted. See Booker, 125 S. Ct. at 756.

Thomas argues that, based on the sentencing court's comments and on an independent review of the sentencing factors enumerated in 18 U.S.C. § 3553(a), there is a reasonable probability that the district court would have imposed a lesser sentence under an advisory system.[**] There is nothing in the district court's remarks or otherwise in the record which gives any clue that the district court would have imposed a different sentence under an

---

[**] For the purpose of preserving the issues for further review, Thomas argues that the substantial-rights prong must not require proof by a preponderance of the evidence that the error more likely than not affected the outcome of his sentence; that a strict plain-error approach should not be applied because he could not have anticipated the change to an advisory system made by Booker; that this court should not focus too restrictively on the sentencing court's remarks; that Fanfan error is immune from the substantial-rights prong of the plain error test because the error is structural or that prejudice should be presumed; and that this court should order a limited remand to determine the likely sentence under the advisory guidelines, as was done in Booker. These argument are foreclosed. See Mares, 402 F.3d at. 521; United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

advisory scheme.  Congress has rejected the Sentencing
Commission's reports regarding the sentencing-disparity issue
and, thus, the sentencing guidelines continue to treat cocaine
base offenses differently than powder cocaine offenses.  See
United States v. Fonts, 95 F.3d 372, 373-375 (5th Cir. 1996);
U.S.S.G. § 2D1.1(c)(6).  Indeed, the 100-to-1 ratio is mandated
by Congress in 21 U.S.C. § 841.  See § 841(b)(1)(B).  While 18
U.S.C. § 3553(a)(6) requires district courts to consider "the
need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar
conduct," it is evident that Congress does not believe that
offenses involving crack cocaine and those involving cocaine
powder are similar conduct.  See Fonts, 95 F.3d at 374 n.1.
There is nothing in the record, and Thomas points to nothing,
which indicates that the district court would, under an advisory
regime, reject Congress's mandate, afford "great weight" to the
Sentencing Commission's report regarding the differences in
sentencing of cocaine base and cocaine powder, and impose a
different sentence.  Thomas committed a serious offense for which
Congress has mandated a serious sentence, see § 841(b)(1)(B), and
the district court stated specifically that it did not see
anything that would take Thomas's case outside of the applicable
guideline range.  At 28 years old, Thomas had a long record of
criminal behavior; his guideline range was doubled based solely
on his criminal history.  There is nothing in the record to

suggest any hesitation or discomfort on the district court's part in meting out the 123-month sentence. Thomas has not demonstrated, as required by Valenzuela-Quevedo and Mares, to a probability sufficient to undermine confidence in the outcome that the district court would likely have sentenced him differently under an advisory sentencing scheme. Thus, Thomas has not met his burden of persuasion to show that the district court's imposition of the sentence was plain error. See Valenzuela-Quevedo, 407 F.3d at 733; Mares, 402 F.3d at 521.

Thomas argues that his sentence is unreasonable within the meaning of Booker because the Sentencing Commission has found that the harsh treatment of crack cocaine offenders does not satisfy 18 U.S.C. § 3553(a)(6)'s goal of avoiding unwarranted sentencing disparities. In Booker, 125 S. Ct. at 765-66, the Supreme the Court excised 18 U.S.C. § 3742(e), which statutorily set forth the standards of appellate review of sentences, and stated that the remaining statute implied a reasonableness standard of review. Nevertheless, the Court cautioned explicitly that it "expect[ed] reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." 125 S. Ct. at 769.

We have consistently applied plain-error review, rather than determining whether a sentence is unreasonable, where a Booker error has not been preserved in district court. E.g., United

States v. Villegas, 404 F.3d 355, 358-59 (5th Cir. 2005); Mares, 402 F.3d at 520-22.  Even if we were to review for unreasonableness, it could not be said that Thomas's sentence was unreasonable.  That Thomas was subjected to a longer sentence for committing a crack cocaine offense than he would have faced for a powder cocaine offense is neither rare nor unusual; as shown in Fonts, this disparity in sentencing has been at issue for at least 10 years.  The United States Congress has rejected the Sentencing Commission's suggestion that this disparity is disproportionately harsh.  See Fonts, 95 F.3d at 373-75.

Accordingly, Thomas's sentence is AFFIRMED.