United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10437
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN VENTURA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-253-4-G
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Without benefit of a written plea agreement, Juan Ventura pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine base. He challenges his sentence on several grounds.

Ventura argues that he should have received a decrease in his offense level for his minor role in the offense. The record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contains sufficient evidence to show that Ventura's role in the conspiracy was more than peripheral and that he was not less culpable than the average participant. The district court did not clearly err in refusing a U.S.S.G. § 3B1.2 adjustment. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Ventura argues that the district court erred in assessing, pursuant to U.S.S.G. § 2D1.1(b)(1), a two level increase in his offense level because an assault rifle was found in the apartment that served as the conspiracy's primary stash house and where Ventura was arrested. It is not clearly improbable that the assault rifle was connected to the drug conspiracy. See § 2D1.1, comment. (n.3); United States v. Cooper, 274 F.3d 230, 245 (5th Cir. 2001). The district court did not clearly err in increasing Ventura's offense level under § 2D1.1(b)(1). See United States v. Rodriguez, 62 F.3d 723, 724 (5th Cir. 1995).

Ventura argues that the Government breached an implied plea agreement by agreeing with the recommended two level increase for possession of a dangerous weapon. There was no written plea agreement and the record contains no evidence of a promise that the Government would object to an offense level increase for possession of a dangerous weapon. The district court's finding that there was no unkept promise by the Government is not clearly erroneous. See United States v. Corbett, 742 F.2d 173, 177 (5th

Cir. 1984); United States v. Ammirato, 670 F.2d 552, 555 (5th Cir. 1982).

Ventura argues that the district court was precluded from enhancing his sentence based on facts that had not been either admitted by him or found beyond a reasonable doubt. Under United States v. Booker, 543 U.S. 220 (2005), however, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); see also United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

Ventura argues that the district court failed to consider other sentencing factors set forth in 18 U.S.C. § 3553(a), specifically, those related to the disparity between sentences for cocaine base and cocaine powder. By Congressional mandate the Sentencing Guidelines continue to treat cocaine base offenses differently than powder cocaine offenses. See United States v. Fonts, 95 F.3d 372, 373-75 (5th Cir. 1996); U.S.S.G. § 2D1.1(c)(6). The district court sentenced Ventura within a properly calculated guideline range and stated that it had considered the various factors in § 3553(a) in fashioning Ventura's sentence. Ventura has not shown that the district

court failed in its obligation to consider the § 3553(a) factors in imposing sentence, and the sentence is presumptively reasonable.  See Alonzo, 435 F.3d at 554; United States v. Smith, ___ F.3d ___, No. 05-30313, 2006 WL 367011 at *2 (5th Cir. Feb. 17, 2006).

AFFIRMED.