United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41227
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON DARNELL REYNOLDS, also known as Black,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-116-4
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon Darnell Reynolds appeals the 360-month sentence he received after the jury found him guilty of conspiracy to manufacture, distribute or possess with such intent, or dispense 50 grams or more of crack cocaine or 5 kilograms or more of a substance that contained cocaine. Because Reynolds was sentenced after the Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220 (2005), Reynolds's argument that the district court violated his Fifth Amendment due process rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his Sixth Amendment rights when it sentenced him based on a drug amount found by a preponderance of the evidence and not on the drug amount found by the jury is unavailing.  See United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006).  Reynolds's argument that the remedial portion of Booker does not apply to him, because he committed his offense before Booker was decided, is likewise unavailing.  See United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005).

Reynolds's argument that his sentence is unreasonable because the district court followed the guidelines recommendation for offenses involving crack cocaine does not amount to plain error.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005); United States v. Fonts, 95 F.3d 372, 374 (5th Cir. 1996).

AFFIRMED.